J-S10037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER HANSON | : | |
| | : | |
| Appellant | : | No. 2136 EDA 2018 |

Appeal from the PCRA Order Entered July 2, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000421-1984,
CP-39-CR-0001582-1983

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:          **FILED APRIL 22, 2019**

Appellant, Christopher Hanson, appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas, dismissing his serial petition filed per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  Based on our Supreme Court's decision in **Commonwealth v. Walker**, ___ Pa. ___, 185 A.3d 969 (2018), we must quash the appeal.

The relevant facts and procedural history of this case are as follows.  On June 14, 1984, a jury convicted Appellant of second-degree murder, rape, and conspiracy to commit murder.  The court sentenced Appellant on January 30, 1986, to life without parole ("LWOP").  This Court affirmed the judgment of sentence on August 31, 1987, and our Supreme Court denied allowance of appeal on March 23, 1988.  **See Commonwealth v. Hanson**, 534 A.2d 130 (Pa.Super. 1987), *appeal denied*, 518 Pa. 654, 544 A.2d 1341 (1988).

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant unsuccessfully litigated twelve PCRA petitions between 1988 and 2015. On March 28, 2018, Appellant filed the current *pro se* PCRA petition. The PCRA court issued Rule 907 notice on June 6, 2018, and on June 28, 2018, Appellant filed a *pro se* response to the court's Rule 907 notice. The court denied Appellant's PCRA petition on July 2, 2018. On July 12, 2018, Appellant timely filed a *pro se* notice of appeal, as well as a voluntary, *pro se* concise statement of errors per Pa.R.A.P. 1925(b).

Preliminarily, on June 1, 2018, the **Walker** Court held that the common practice of filing a single notice of appeal from an order involving more than one docket would no longer be tolerated, because the practice violates Pa.R.A.P. 341, which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." **Walker, supra** at ___, 185 A.3d at 977. The failure to file separate appeals under these circumstances "requires the appellate court to quash the appeal." **Id.**

Instantly, Appellant filed a single notice of appeal from the order that denied PCRA relief at two separate docket numbers. Appellant's first notice of appeal was filed on July 12, 2018, and his amended notice of appeal was filed on July 23, 2018, both of which postdate the **Walker** decision. Appellant amended his notice of appeal to certify service on the district attorney's office. Appellant's initial notice of appeal and his identical amended notice of appeal (with proper service corrected) do not qualify as "separate" notices of appeal for purposes of **Walker**. Likewise, Appellant's later refiling of separate notices

of appeal in the trial court, as a response to this Court's rule to show cause, did not cure the **Walker** defect, as Appellant filed those notices of appeal out of time, at the earliest, on August 4, 2018, according to the prisoner mailbox rule. Under **Walker**, we must quash Appellant's appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/19